UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RENE ANTONIO MIRANDA-HERCULES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROBERT GUADIAN, )<br>PAMELA BONDI, )<br>TODD LYONS, )<br>KRISTI NOEM, )<br>DEPARTMENT OF HOMELAND SECURITY & )<br>IMMIGRATION CUSTOMS AND )<br>ENFORCEMENT, )<br>BRISON SWEARINGEN, )<br>BRANDON CROWLEY, )<br>)<br>Defendants. ) | No. 2:26-cv-00022-MPB-MG |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Rene Miranda-Hercules seeks a writ of habeas corpus requiring that he be released from U.S. Immigration and Customs Enforcement ("ICE") detention according to a previously-granted bond order or, alternatively, that he receive a new bond hearing within seven days. Dkt. 5 at 10–11. Because the undisputed facts demonstrate that Mr. Miranda-Hercules is and was eligible for bond, the Court **GRANTS** his petition. The respondents will have **48 hours** to notify the Court that Mr. Miranda-Hercules has been released from detention consistent with the August 13, 2025 bond order. *See* dkt. 5-8.

**I.    Background**

The material facts are undisputed.

Mr. Miranda-Hercules is a citizen of El Salvador, who entered the United States without being admitted or paroled in July of 2017. On July 25, 2017, Customs and Border Protection

1

("CBP") apprehended Mr. Miranda-Hercules near Hidalgo, Texas, gave him a Warrant for Arrest of Alien and took him into custody pursuant to 8 U.S.C. § 1226. Dkt. 5-6 at 1 (Warrant for Arrest of Alien). The Department of Homeland Security ("DHS") subsequently issued Mr. Miranda-Hercules a Notice to Appear as an unaccompanied minor, placing him in removal proceedings under 8 U.S.C. § 1229a. Dkt. 9-1 at 3 (ERO Narrative). Mr. Miranda-Hercules was then released on an order of recognizance. *Id.*

On July 20, 2022, Mr. Miranda-Hercules filed an application for asylum (Form I-589), which remains pending. Dkt. 9-1 at 3. Mr. Miranda currently has employment authorization, which is valid until September 24, 2029. *Id.*

On July 17, 2025, police arrested Mr. Miranda-Hercules in White County, Indiana, for misdemeanor Operating a Vehicle While Intoxicated ("OWI"). *Id.* After Mr. Miranda-Hercules posted bond in his criminal case, he was released to ICE's custody. *Id.* On July 22, 2025, ICE arrested Mr. Miranda-Hercules with a Warrant for Arrest of Alien and took him into custody pursuant to 8 U.S.C. § 1226. *Id.* at 5. Mr. Miranda-Hercules was also served a Notice to Appear, initiating new removal proceedings. *Id.* at 3.[1] At some point, Mr. Miranda-Hercules was transferred to Clay County Jail in Brazil, Indiana, where he remains detained.

On August 13, 2025, an immigration judge conducted a custody redetermination hearing and released Mr. Miranda-Hercules on a $10,000 bond pursuant to 8 U.S.C. § 1226. Dkt. 5-8 (Order of the Immigration Judge). That day, DHS filed its notice of intent to appeal the custody determination, triggering the 90-day automatic stay of Mr. Miranda-Hercules's release on bond pursuant to 8 C.F.R. § 1003.19(i)(2). Dkt. 9-1 at 38; *see* 8 CFR § 1003.6(c).

---

[1] Also, on August 15, 2025, an immigration judge reopened Mr. Miranda-Hercules's removal proceedings, which had been previously administratively closed on March 3, 2023. Dkt. 9-1 at 6 (Order of the Immigration Judge).

2

On August 21, 2025, DHS formally appealed to the Bureau of Immigration Appeals ("BIA"), asserting that Mr. Miranda-Hercules is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and is not eligible for bond. Dkt. 5-9 at 7 (Notice of Appeal).

On October 29, 2025, the immigration judge *sua sponte* issued a memorandum stating:

> Since the Court's original determination, the Board of Immigration Appeals issued *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025) which held that, under the language of § 235(b)(2)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1225(b)(2)(A) (2018), Immigration Judges lack authority to hear bond requests or to grant bond to aliens who are present in the United States without admission. Thus, it appears the Court's order is moot as detention is mandatory under these circumstances.

Dkt. 5-10 (Memorandum of the Immigration Judge).

On January 12, 2026, Mr. Miranda-Hercules filed this habeas petition, challenging his current detention at the Clay County Jail.

## II.  Discussion

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Mr. Miranda-Hercules claims that his current detention violates the class-wide relief order in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-1873 (C.D. Cal. Dec. 18, 2025), dkt. 92, (Count I); and violates 8 U.S.C. § 1226(a) (§ 236 of the Immigration and Nationality Act ("INA")). Dkt. 5 ¶¶ 48–56. Respondents argue that Mr. Miranda-Hercules is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2)(A); that, in the alternative, he is lawfully detained pursuant to 8 U.S.C. § 1226(a); that his detention is constitutional; and that he is not entitled to class-wide relief under *Maldonado Bautista v. Santacruz*. Dkt. 9.

The Court finds that Mr. Miranda-Hercules's detention is governed by § 1226(a) and that it is unlawful because he has not been released after an immigration judge granted bond on August

3

13, 2025. Because Mr. Miranda-Hercules is entitled to habeas corpus relief on these grounds, the Court does not address the constitutional and class-action arguments.

### A. 8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States .... [T]he Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

(A) bond . . . ; or

(B) conditional parole . . . .

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he

4

poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

### B. Mr. Miranda-Hercules's Detention Does Not Fall Under 8 U.S.C. § 1225(b)(2)(A)

Respondents argue that Mr. Miranda-Hercules is subject to the broader "catchall provision" in § 1225(b)(2) because he is an "applicant for admission" according to § 1225(a)(1), who is not covered by the narrower provisions for "arriving aliens" in § 1225(b)(1), and who is "not clearly and beyond doubt entitled to be admitted." Dkt. 9 at 8–9.

The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Mr. Miranda-Hercules who have lived in the interior of the United States for years. *Guevara Guevara v. Swearingen, et al*., No. 2:25-cv-00595, dkt. 12 at 7–10 (S.D. Ind. Dec. 16, 2025); *Ortega-Rangel v. Crowley, et al*, 2:25-cv-00562-MPB-MJD, dkt. 17 at 6–11 (S.D. Ind. Nov. 25, 2025); *see also Corzo Martinez v. Olson et al.*, No. 2:26-cv-00003-JPH-MKK, Dkt. 13 (S.D. Ind. January 10, 2026). As the Court previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *See id*.; *see also Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–61 (7th Cir. Dec. 11, 2025) ("The question is whether § 1225(b)(2)(A) covers any noncitizen who is unlawfully already in the United States as well as those who present themselves at its borders. . . . Based upon the text and structure of the two provisions, we believe that Plaintiffs have the better argument on the current record."). Respondents have cited no binding precedent to the contrary. The Court has previously found that the few district court decisions adopting the Respondents' interpretation of § 1225 were

6

distinguishable or otherwise unpersuasive.[2] *See, e.g. Jimenez Reyes v. Olson, et al.*, Case No. 2:25-cv-00622-JRS-MG.

Even if the respondents' legal reasoning was more persuasive, it could not be reconciled with the government's treatment of Mr. Miranda-Hercules in this case. In 2017, federal agents arrested Mr. Miranda-Hercules pursuant to a Form I-200 administrative warrant issued by DHS, which explicitly authorized the federal agent to take him into custody under § 1226. Dkt. 5-6. Then, instead of detaining him during his removal proceedings, DHS released Mr. Miranda-Hercules on his own recognizance. Dkt. 9-1 at 3. As seen above, § 1225 does not provide for release except under circumstances not applicable here (e.g., humanitarian parole) because it mandates detention. Then, eight years later, in 2025, federal agents issued Mr. Miranda-Hercules the same Form I-200 warrant when they re-arrested him, again evoking the authority of § 1226. *See* dkt. 9-1 at 3. In line with his detention pursuant to § 1226(a), an immigration judge then ordered Mr. Miranda-Hercules's release on a $10,000 bond. Dkt. 5-8. Then, in October, an immigration judge issued a memorandum claiming "it appears the Court's order is moot as detention is mandatory under these circumstances." Dkt. 5-10. The government's actions leading

---

[2] Respondents offer a passing reference to *Cruz Rodriguez v. Olson*, No. 1:25-cv-12961, 2025 WL 3672856 (N.D. Ill. Dec. 17, 2025), withdrawn & superseded, 2026 WL 63613 (N.D. Ill. Jan. 8, 2026) as well as *Rojas v. Olson*, No. 25-cv-1437-bhl, 2025 WL 3033967 (E.D. Wis. Oct. 30, 2025), which are both from within the Seventh Circuit. Both decisions offer thorough and thoughtful analyses of §§ 1225 and 1226. *Cruz Rodriguez* concludes that *both* provisions apply to certain aliens apprehended inside the United States. *See* 2025 WL 3672856, at *7 ("Sections 1225(b)(2) and 1226 have different, but overlapping, scopes."). *Rojas* generally concludes that the fact that all unadmitted aliens fit into the definition of "applicant for admission" in § 1225(a)(1) makes it so that the most natural reading of the statute includes all applicants for admission, no matter where or when they are arrested. *See* 2025 WL 3033967, at * 7–8. This Court finds the logic underlying both decisions problematic for reasons expressed in previous decisions and discussed further below. Regardless, this Court joins another jurist from the Northern District of Illinois in deferring to *Castañon-Nava* as highly persuasive, directly applicable authority from a superior tribunal on a pure question of law. *See Morales Perez*, No. 1:25-CV-14995, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026).

up to the October memorandum explicitly put Mr. Miranda-Hercules squarely within the confines of § 1226(a).

As this Court previously reasoned, mandatory detention and discretionary release are mutually exclusive concepts. An alien cannot be subject both to mandatory detention under § 1225(b)(2)(A) and eligible for discretionary release under § 1226(a)(2); the provisions can only exist harmoniously if they apply to separate classes of aliens. *See Singh v. Bondi*, No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029524, at *6 (S.D. Ind. Oct. 30, 2025). The government acted under § 1226 when it took Mr. Miranda-Hercules into custody in 2017 and again in 2025. It cannot now maintain that he is subject to § 1225(b)(2)(A) and therefore categorically ineligible for discretionary release. *Id.* (citing *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025); *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023)); *Valencia Zapata v. Kaiser*, No. 25-CV-07492-RFL, 2025 WL 2741654, at *9 (N.D. Cal. Sept. 26, 2025) ("[T]he government cannot switch tracks and subject Petitioners to mandatory detention under section 1225(b)(2) when the government has instead placed Petitioners in removal proceedings under section 1229a and released them on their own recognizance under section 1226(a)."); *Fornalik v. Perryman*, 223 F.3d 523, 530 (7th Cir. 2000)).

The Court concludes that Mr. Miranda-Hercules's detention is governed by § 1226(a), and it declines to reach his other arguments.³

### C. Opportunity for Bond Hearing

---

³ The Court incorporates by reference its more fulsome statutory interpretation of 8 U.S.C. §§ 1226 and 1225 and corresponding analysis of the circumstances to which those statutes apply as set forth in *Guevara Guevara v. Swearingen, et al.*, No. 2:25-cv-00595, dkt. 12 at 7–10 (S.D. Ind. Dec. 16, 2025); *Ortega-Rangel v. Crowley, et al*, 2:25-cv-00562-MPB-MJD, dkt. 17 at 6–11 (S.D. Ind. Nov. 25, 2025).

In the alternative, Respondents argue that Mr. Miranda-Hercules is being lawfully detained under § 1226a "because he has had or will have the opportunity to receive a hearing before an Immigration Judge." Dkt. 9 at 13. Respondents therefore argue that this Court does not have jurisdiction over this matter due to § 1226(e), which states:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

*Id.* (quoting 8 U.S.C. § 1226(e)).

But Mr. Miranda-Hercules is not requesting that the district court review a discretionary judgment by the Attorney General regarding his custody determination. Instead, Mr. Miranda-Hercules's petition seeks to enforce the already-existing decision by the immigration judge to grant bond, or, in the alternative to receive a new custody redetermination hearing. Second, though the respondents do not make this argument, the immigration judge's October memorandum is not a "discretionary judgment." It claims, instead, that it "appears the Court's [August 13, 2025] order is moot as detention is mandatory under these circumstances." Dkt. 5-10. It does not deny or revoke bond. Thus, § 1226(e) does not have any bearing on Mr. Miranda-Hercules's habeas petition.

Mr. Miranda-Hercules was granted bond on August 13, 2025, pursuant to § 1226(a). DHS appealed and the 90-day automatic stay has now expired. There is no record that the BIA has extended the stay or has otherwise denied or revoked Mr. Miranda-Hercules's bond. *See* dkt. 13. Yet, roughly five months later, Mr. Miranda-Hercules remains incarcerated. Thus, Mr. Miranda-Hercules's current detention violates § 1226(a).

### III.   Conclusion

Mr. Miranda-Hercules's petition for a writ of habeas corpus is **GRANTED**. The respondents will have **48 hours** to notify the Court that Mr. Miranda-Hercules has been released

9

from detention consistent with the Order of the Immigration Judge from August 13, 2025. *See* dkt. 5-8. The **clerk is directed** to enter **final judgment**.

      **SO ORDERED.**

Dated: January 27, 2026

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

Rachel Dever
Church Church Hittle and Antrim
rdever@cchalaw.com

Liberty L. Roberts
CHURCH CHURCH HITTLE & ANTRIM (Noblesville)
lroberts@cchalaw.com

Ricardo Simmonds
Lighthouse Legal LLC
ricardo@lighthouseindy.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov